UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SALVADOR MOSES LEVARIO,

    Petitioner,

vs.

MATHEW CATE, Sectretary of the CDCR; and RANDY GROUNDS, Warden,

    Respondents.

No. C 10-2480 PJH (PR)

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

    This is a habeas case filed pro se by a state prisoner. In the initial review order, the court dismissed the petition with leave to amend because the claims lacked sufficient clarity to allow the court to review them. Petitioner has amended.

    The amended petition remains unsatisfactory. The petition will be dismissed with leave to file a second amended petition.

    Petitioner contends in his first issue that he has a liberty interest in parole, something that is true but which is not in itself grounds for habeas relief. He says that the claim is continued on "P. 6b, below," but although there is a page 6(b), it does not contain a continuation of claim one. It thus is not possible to tell if petitioner intended to contend that his liberty interest in parole was violated, and in what way.

    Claim two and claim four both appear to be contentions that the application to him of "Marsy's Law," which among other things provided for much longer periods between habeas eligibility hearings, violated his Ex Post Facto Clause rights. It may be, however, that petitioner intends these claims to differ in some respect not clear to the court, so clarification is needed.

United States District Court
For the Northern District of California

Claim three on page six of the petition appears to be clearly enough a contention that the parole board's action was a violation of the plea agreement, and thus violated petitioner's due process rights.  This claim does not need to be amended, but if petitioner wishes to pursue it, he must be sure to include it in his second amended petition.

There is another claim three, on page 6b.  It reads: "Violation of petitioner's due process, equal protection of both constitutions, state and federal, together with rules, case laws and authorities, rooted in the constitution in the hearing for parole by the BPH and the lower courts; unconstitutional application of Prop-9 to pre-2008 cases (ex post facto laws); plea bargain (8th Amend. Vio.)"  In the section for facts in support of this claim, petitioner says that the contentions quoted above were raised to the California Supreme Court, but does not further explain what he means – for instance, by saying how his equal protection rights were violated.  Given the form of petitioner's original petition, in which he listed as claims contentions that the state courts at each level had denied his state petitions, it seems likely that he intends this issue to be that the California Supreme Court denied his claims; as discussed in the order dismissing the original petition with leave to amend, state courts' rulings on the claims before them are not in themselves grounds for federal habeas relief.  If the court is not correct that he is trying to raise as an issue that the California Supreme Court erred, petitioner may restate the issue more clearly in the second amended petition.

Ground four, as mentioned above, appears to duplicate issue two.

Finally, ground five reads:  "U.S.C.A. const. amend. 8th, cruel and unusual punishment; amend. 14th, due process clause: []The infliction of punishment in violation of a negotiated plea is a violation of the due process of law, 8th, 14th amendment to the U.S. Constitution, together with violation of statutory rights, section 1192.5, and the breach of contract."  In the section of the petition for facts in support, petitioner complains that the California Supreme Court did not explain the basis for its denial of his state petition.  He presents no facts regarding the plea or why a breach of it might violate the Eighth Amendment.  As petitioner was informed in the order dismissing the original petition with

leave to amend, violations of state law are not grounds for relief in a federal habeas action, and the same is true of breach of contract, so those contentions in the present claim are not grounds for relief and should be omitted from the second amended petition.  As to the federal grounds, the claim duplicates claim three to the extent this claim is that petitioner's due process rights were violated by a breach of the plea, but it is possible that petitioner is trying to claim that the purported breach also violated the Cruel and Unusual Punishment Clause.  If so, he should clearly explain in the second amended petition.

## CONCLUSION

1. All claims except claim three are **DISMISSED** with leave to amend within thirty days from the date of this order.  The second amended petition must be on the court's form for section 2254 habeas petitions.  It must include the caption and civil case number used in this order and the words SECOND AMENDED PETITION on the first page.  Petitioner need not again include the exhibits that are attached to the original and first amended petitions.  He should, however, include claim three, so all claims can be found in one place.  Failure to amend within the designated time will result in the dismissal of these claims.

2. The clerk shall send petitioner two sets of the court's section 2254 habeas petition packet with his copy of this order.

3. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  December 19, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\LEVARIO2480.DWLTA2.wpd