United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SALVADOR MOSES LEVARIO,

          Petitioner,

  vs.

MATHEW CATE, Sectretary of the CDCR; and RANDY GROUNDS, Warden,

          Respondents.

No. C 10-2480 PJH (PR)

**ORDER TO SHOW CAUSE**

     This is a habeas case filed pro se by a state prisoner. In the initial review order, the court dismissed the petition with leave to amend because the claims lacked sufficient clarity to allow the court to review them. Petitioner amended, but most of the claims still were unclear. The amended petition was dismissed with leave to amend. Petitioner has filed a second amended petition.

     Petitioner sets out his claims on page six of the form petition and on two attachment pages, 6b and 6c. On each of these pages the claims are numbered one through three and are not the same. Furthermore, the claims still are not clear. Because petitioner has had two opportunities to explain his issues, it seems doubtful that another opportunity to amend would be useful. The court therefore will interpret the second amended complaint as best it can. The claims will be discussed as claims one through three, referring to the claims in the form petition; four through six, referring to the claims on page 6b; and seven through nine, referring to the claims on page 6c.

     In petitioner's first claim on the form portion of the petition he contends that he has a liberty interest in parole and that he was "denied parole on unfounded facts of the case."

It is true that prisoners in California do have a liberty interest in parole. *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002), *overruled on other grounds by Swarthout v. Cooke*, 131 S. Ct. 859 (2011). That fact is not grounds for habeas relief, however; it only establishes the existence of an interest protected by the Due Process Clause. And petitioner's other allegations in the claims labeled "one" are too general to point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). This claim will be dismissed.

In petitioner's claim two on the form petition he contends that his rights under the Ex Post Facto Clause were violated when the Board applied "Marsy's law" to him. The Ninth Circuit recently reversed the grant of a preliminary injunction against enforcement of Marsy's Law, holding that the plaintiffs were not likely to prevail on the merits of their claim that Marsy's Law violates the Ex Post Facto Clause, and that as a result the district court abused its discretion in granting the preliminary injunction. *See Gilman v. Schwarzenegger*, 638 F.3d 1101, 1105 (9th Cir. 2011). *Gilman*'s holding that the plaintiffs there were not likely to prevail on the merits makes clear that the state courts rejections here of the Marsy's Law claim could not have been unreasonable. Petitioner thus cannot obtain habeas relief on this claim. *See* 28 U.S.C. § 2254(d) (district court may not grant § 2254 petition unless state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."). This claim will be dismissed.

In petitioner's claim three on the form petition he contends that his plea agreement was breached in that the district attorney appears at each hearing to oppose parole and that he has been in prison beyond the fifteen years that was promised. This claim is sufficient to proceed.

In claim four, labeled "Claim One" on page 6b, petitioner alleges that he has a liberty interest in parole and that the Board of Parole Hearings violated his due process right "to

be heard fairly" and by "denying parole on recognized grounds or unlawful." This claim will be dismissed for the reasons discussed above with reference to claim one on the form petition.

On page 6b petitioner discusses claims five and six (but labeled two and three) together. He says they are "related because claim one concerns the contention [that the plea agreement was violated.]" None of the claims labeled "one" in the petition does any such thing, and it is not clear why the claims would need to be considered together even if they did. It appears that petitioner may be attempting to claim in these issues that the seven-year denial violated his rights under the Ex Post Facto Clause, in which case that claim is covered by claim three, discussed above, and that failure to grant parole was cruel and unusual punishment, an Eighth Amendment violation. The Eighth Amendment claim may proceed.

In claim seven (labeled claim one on page 6c), petitioner again argues that he has a liberty interest in parole, which as discussed above is true, and may be attempting to contend that due process requires the Board to comply with state laws and regulations in deciding whether to grant or deny parole, which is incorrect. The United States Supreme Court has recently held that the only federal due process rights a prisoner has with respect to parole consideration are an opportunity to be heard and a statement of the reasons why parole was denied. *See Swarthout v. Cooke*, 131 S. Ct. 859, 862-64 (2011). This claim will be dismissed.

In claim eight (labeled claim two on page 6c), petitioner contends that "the Board of Parole hearings failed to follow the law as provided by the court and the court failed to follow the higher court's mandates or provisions." This is not sufficient to point to a real possibility of constitutional error. Claim eight will be dismissed.

In claim nine (labeled claim three on page 6c), petitioner contends that application of Marsy's Law to him violated his plea agreement and his ex post facto rights. He does not explain how application of Marsy's Law could have violated his plea agreement, reached many years before, so has failed to point to a real possibility of constitutional error as to this

part of the claim.  The ex post facto claim is duplicative of issue two above, and is without merit for the reasons discussed there.  Claim nine will be dismissed.

**CONCLUSION**

1. Claims one, two, four, five, seven, eight, and nine are **DISMISSED** without further leave to amend.  Claims three (breach of plea agreement) and six (Eighth Amendment) may proceed.

2. The clerk shall serve respondent and respondent's attorney, the Attorney General of the State of California.

3. Respondent shall file and serve, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file and serve a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of service of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of service of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED.**

Dated:  February 13, 2012.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\LEVARIO2480.OSC.wpd